IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. CR-09-213-S-BLW |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM DECISION** |
| | ) | **AND ORDER** |
| FRED COVEY, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**INTRODUCTION**

The Court has before it Defendant's Notice of Mistake and Conditional

Acceptance of Contempt (Docket No. 36), Notice of Motion and Motion to

Dismiss (Docket No. 37) and Defendant's oral motion to continue the trial.  The

Court orally denied all three motions at the pretrial conference held on February 4,

2010.  This Memorandum Decision and Order will memorialize that decision.

**ANALYSIS**

Trial in this matter was originally scheduled for November 23, 2009.  The

Assistant United States Attorney prosecuting this matter was also scheduled to

prosecute another matter before this Court on that same date.  Therefore, the

Government filed a motion to continue, which Defendant did not oppose.  The

**Memorandum Decision and Order -- page 1**

Court granted that motion and moved the trial to December 14, 2009.  Trial was

subsequently moved back two more days to December 16 due to calendaring

conflicts.

Early in this case, Defendant decided to represent himself, and the Court

appointed Defendant standby counsel.  On the morning of the first day of trial,

Defendant changed his mind and decided that he wanted standby counsel to

represent him during trial.  Defendant and his attorney then asked for a

continuance, which the Court granted.  Trial was moved to February 16, 2010. The

Court set a pretrial conference for February 4, 2010.

The day before the pretrial conference, Defendant filed two documents: (1)

Notice of Mistake and Conditional Acceptance of Contempt; and (2) Notice of

Motion and Motion to Dismiss.  Defendant also made an oral motion to continue

the trial during the pretrial conference.

After consulting with Defendant at the pretrial conference, the Court

understood Defendant's Notice of Mistake and Conditional Acceptance of

Contempt to be a motion to once again represent himself pro se.  Accordingly, the

Court conducted a *Faretta* hearing and determined that Defendant could represent

himself in this matter.[1] Therefore, the Court granted the motion.

Defendant then moved for a thirty-day continuance of the trial date, which the Government opposed. Defendant stated that he needed more time to prepare for trial. The Speedy Trial Act states that "[u]nless the defendant consents in writing to the contrary, the trial shall not commence less than thirty days from the date on which the defendant *first appears* through counsel or expressly waives counsel and elects to proceed pro se." The *first appears* language indicates that a thirty-day continuance is not required any time a defendant elects to represent himself. Instead, the thirty-day period begins to run when a defendant initially elects to represent himself pro se or an attorney appears on a defendant's behalf after the indictment or information has been filed, unless there is an indication that the attorney is appearing only for a limited purpose and will not further represent that defendant at trial. *U.S. v. Daly*, 716 F.2d 1499, 1505 (9th Cir. 1983). Courts consistently hold that it is a misconstruction of Section 3161(c)(2) to suggest that a defendant automatically receives a thirty-day continuance any time he elects to represent himself. *See e.g., United States v. Brown*, 1996 WL 294352, *1

---

[1] The Court also inquired about Defendant's competence to stand trial pursuant to the *Dusky* standard. *Odle v. Woodford*, 238 F.3d 1084, 1087 (9th Cir. 2001). As explained on the record during the pretrial conference, the Court has determined, based upon its own dealings with the defendant in open court, as well as the descriptions provided by the Assistant U.S. Attorney and the Defendant's standby counsel of their interactions with the Defendant, that it has no reason to question the Defendant's competence to stand trial.

**Memorandum Decision and Order -- page 3**

(E.D.N.Y. 1996); *United States v. Moya-Gomez*, 860 F.2d 706, 741-42 (7th Cir.

1988) (When the defendant first appears through counsel, his later decision to

proceed pro se should not trigger anew the thirty-day preparation period. To

interpret the statute otherwise would enable a defendant to postpone his

prosecution by deciding on the eve of trial that he wants to dismiss his attorney and

represent himself).

     In this case, Defendant first elected to represent himself pro se when he was

arraigned before Magistrate Judge Bush in October 2009.  He was also given an

additional sixty days to prepare for trial when he later elected to use counsel in

December 2009. Therefore, Section 3161(c)(2) does not require an additional

thirty-day continuance at this point.

     The only potential basis for a continuance under the Speedy Trial Act at this

point is Section 3161(h)(7)(B)(iv), which authorizes a finding of excludable time

when the refusal to grant a continuance would "deny counsel for the defendant . . .

the reasonable time necessary for effective preparation . . . ."  That is not the case

here.  Defendant has had several months to prepare for trial with or without

counsel.  Moreover, this case is not complex, and Defendant has not provided the

Court with any specific reasons why he needs additional time to prepare.  The

Court cannot continue the trial in this matter each time Defendant changes his mind

**Memorandum Decision and Order -- page 4**

about representing himself.  The public and the Government also have an interest in a speedy trial.  18 U.S.C. § 3162(h)(7)(A).  Accordingly, as stated by the Court during the pretrial conference, the motion to continue is denied.

With respect to Defendant's Notice of Motion and Motion to Dismiss, the Court notes that it makes very little, if any, legal sense.  Defendant essentially suggest that "all matters are settled and the Plaintiff, having accepted all [his] private credit instruments has been paid."  (Motion to Dismiss, p. 1.)  No plea agreement has been reached in this matter, and it is not settled.  Defendant offers no legal or factual support for his motion.  Accordingly, the motion is denied.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Defendant's Notice of Mistake and Conditional Acceptance of Contempt (Docket No. 36) shall be, and the same is hereby, GRANTED to the extent Defendant seeks to represent himself pro se. It is DENIED to the extend Defendant seeks any other type of relief.

IT IS FURTHER ORDERED that Defendant's Notice of Motion and Motion to Dismiss (Docket No. 37) shall be, and the same is hereby, DENIED.

IT IS FURTHER ORDERED that Defendant's oral motion to continue the trial shall be, and the same is hereby, DENIED.  Trial shall commence on **February 16, 2010, at 1:30 p.m.** in the Federal Courthouse in Boise, Idaho.

**Memorandum Decision and Order -- page 5**

Defendant is ordered to appear for trial at the scheduled place and time.

IT IS FURTHER ORDERED that the Clerk of the Court shall mail a copy of this Order to Defendant at the address stated on his most recent motion (Docket No. 37).  The Clerk of the Court shall also call Defendant at the telephone number listed on that same motion, and inquire whether Defendant wants the Order faxed or emailed to him and shall advise him orally that the motion to continue has been denied and the trial will proceed as scheduled.

DATED:  **February 5, 2010**



Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision and Order -- page 6**